UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RODNEY PAMILTON** | **CIVIL ACTION NO. 07-261-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STEVE PRATOR, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Rodney Pamilton ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on February 8, 2007. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and he alleges his civil rights were violated by prison officials. He names Sheriff Steve Prator, Deputy Mark Mclouglin and John Does as defendants.

Plaintiff claims that on May 27, 2005, Deputy Mark Mclouglin verbally harassed him and he replied with a sarcastic remark. He claims Deputy Mclouglin then grabbed his arm and pulled him to the housing unit. He claims he was shackled at the time of the incident. He claims that as a result of the use of excessive force by Deputy Mclouglin, he suffered cuts and shackle burns on his wrists and ankles.

Plaintiff filed a grievance in the administrative remedy procedure regarding this incident. This grievance was denied at the third step on June 14, 2005.

As relief, Plaintiff seeks monetary compensation and an investigation of the Caddo Correctional Center.

For the reasons discussed below, Plaintiff's claims have prescribed and should be dismissed with prejudice as frivolous.

**LAW AND ANALYSIS**

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. See La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983). Finally, prescription on the claim is tolled

while the administrative remedy procedure is pending. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims that his civil rights were violated by prison officials at the Caddo Correctional Center on May 27, 2005. Thus, prescription began to run as to these claims on May 27, 2005. However, Plaintiff filed a grievance in the administrative remedy procedure regarding these claims which tolled the prescriptive period until June 14, 2005. Thus, prescription began to run as to these claims on June 14, 2005 at the very latest. The above entitled and numbered complaint was not signed by Plaintiff until February 7, 2007, and it was not filed by the Clerk of Court until February 8, 2007. Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke

v. Williams, 490 U.S. 319 (1989). See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the Court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed

factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 17th day of August 2007.

                                                   MARK L. HORNSBY
                                                   UNITED STATES MAGISTRATE JUDGE